MULLIN v. CURTIS.

(Supreme Court, Appellate Division, First Department.   June 2, 1911.)

VENUE (§ 70*)—CHANGE OF VENUE—CONVENIENCE OF WITNESSES—DETERMIN-
ING FACTORS.
   On conflicting affidavits as to the convenience of witnesses, the place of
   trial of an action on a contract will be changed to the county where the
   contract was negotiated, made, and to be performed; its terms, as well
   as the performance thereof, being controverted.
   [Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 122–126;  Dec.
   Dig. § 70.*]

Appeal from Special Term, New York County.

Action by Jay M. Mullin against Kate Curtis.  From an order deny-
ing her motion to change the place of trial from the county of New
York to the county of Monroe, defendant appeals.  Reversed, and mo-
tion granted.

Argued   before   INGRAHAM,  P.  J.,   and   McLAUGHLIN,
LAUGHLIN, CLARKE, and SCOTT, JJ.

George D. Reed, for appellant.
Isadore Finkler; for respondent.

LAUGHLIN, J.   The Mullin Film Service was a domestic cor-
poration having its principal office in the city of Syracuse, N. Y., and
by a contract negotiated and made in the city of Rochester, N. Y., it
rented to the defendant certain films, to be delivered to and used by
her at her theater in the latter city.  The action is on an assigned
claim for rent of films, alleged to be due and owing under said con-
tract.

The defense interposed is that the films on which rental is claimed
to be due were found on delivery not to be according to the contract,
and were returned, and that the contract was on that ground re-
scinded.  The terms of the contract, which was negotiated and made
in Monroe county and to be performed there, as well as the perform-
ance thereof, are controverted.  On conflicting affidavits with respect
to the convenience of the material witnesses these are deemed impor-
tant conditions, and on the facts here presented require that the place
of trial should be changed to Monroe county.

It follows, therefore, that the order should be reversed, with $10
costs and disbursements, and the motion granted, with $10 costs.  All
concur.